IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Brandon Berry, | ) | Case No. 5:24-cv-00754-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Kenneth Sharp, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, represented by counsel, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. ECF No. 1. Respondent filed a Motion for Summary Judgment and Return and Memorandum on June 28, 2024. ECF Nos. 22, 23. Petitioner filed a Response in Opposition, and Respondent filed a reply. ECF Nos. 27, 28. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report"). On November 25, 2024, the Magistrate Judge issued a Report recommending that the Motion for Summary Judgment be granted and the Petition be denied. ECF No. 30. Petitioner filed objections, and Respondent filed a reply. ECF Nos. 31, 32.

## **APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final

1

determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting

2

the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## **DISCUSSION**

As an initial matter, the Magistrate Judge provides a thorough recitation of the background facts and relevant law, which the Court incorporates by reference. Petitioner raises four grounds in the Petition. Because Petitioner filed objections, the Court's review of the Report, the record, and the applicable law has been de novo.

### *Grounds One and Two*

Grounds One and Two concern alleged errors by the South Carolina Court of Appeals related to the search of the apartment Petitioner shared with his girlfriend. Petitioner asserts that the South Carolina Court of Appeals erred both in failing to suppress the evidence found during the search of the apartment because Petitioner had a reasonable expectation of privacy in the apartment and in affirming the trial court's finding that Petitioner's girlfriend voluntarily consented to the search of the apartment when the consent was the result of coercion. The Magistrate Judge determined that these claims are not cognizable on federal habeas review because Petitioner was given a full and fair opportunity to litigate his Fourth Amendment claims in the state courts. In his objections, Petitioner "still contends that the South Carolina Court of Appeals did not provide him a full and fair opportunity to litigate his Fourth Amendment claims." ECF No. 31 at 1. He argues that he "was left with mere case citations instead of an actionable opinion from which he could develop further claims." *Id.* at 1–2.

3

The Court agrees with the recommendation of the Magistrate Judge. As noted in the Report, Petitioner's claims raised here were raised in a motion to suppress and were also raised in his direct appeal. The South Carolina Court of Appeals issued an order dismissing the appeal. Petitioner has not demonstrated that the South Carolina Court of Appeals applied the incorrect standard in evaluating his appeal on these issues. Moreover, the South Carolina Court of Appeals properly identified Petitioner's challenges to the trial court's relevant evidentiary rulings, cited to appropriate caselaw, and included parenthetical explanations pulling out the holdings germane to Petitioner's case. Therefore, because Petitioner had a full and fair opportunity to litigate his claims in the state court, these claims are not cognizable on federal habeas review. *See Stone v. Powell*, 428 U.S. 465, 494 (1976) ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."). Accordingly, summary judgment is granted as to grounds One and Two.

***Ground Three***

In Ground Three, Petitioner asserts that trial counsel was ineffective for failing to ensure Petitioner was properly advised of the State's evidence against him prior to his rejection of the final plea offer. This issue was raised to and ruled upon by the PCR court.

Here, the PCR court addressed trial counsel's performance under the standard set forth in *Strickland*. App. 995. The PCR court found that,

4

Applicant argues Counsel was constitutionally ineffective for failing to ensure Applicant was sufficiently aware of the State's evidence before he rejected the second plea offer, immediately prior to the start of the trial. The evidence Applicant asserts Counsel failed to adequately review and discuss with him is a series of three phone calls made from and recorded by the detention center between Applicant and Kayla, his girlfriend, and Applicant and Wallace. Applicant does not deny he is the person speaking on the recordings. Nonetheless, Applicant claims he was not sufficiently apprised of the content of the recordings to make a decision as to whether to accept or reject the plea offer, and Applicant testified at the evidentiary hearing that he would have accepted the offer had he known what was said on the calls.

This Court has reviewed the trial transcript and heard the testimony of the witnesses at the evidentiary hearing and finds this allegation is without merit. Applicant was present in the courtroom and participated in a lengthy discussion between the trial court, Counsel, and the solicitors regarding the plea offer and the State's recent discovery of an additional phone call it intended to introduce at trial, which the State specifically noted was made by Applicant using another inmate's PIN or account. Tr. pp. 189-95. Applicant claims he did not have sufficient time to review the new evidence with Counsel before determining whether to reject or accept the offer. However, the record reflects Applicant was at least on notice of the State's intention to use the newly discovered call at the time he rejected the second fifteen-to-twenty year plea offer. Tr. pp. 189-92. Additionally, Applicant has never denied he is in fact the person speaking on the call. Tr. p. 575. Despite having the opportunity to speak directly to the trial court, he never informed the court he needed more time to make his decision, that he had not heard the call or calls and wanted the opportunity to do so before deciding whether to accept or reject the offer, or that he felt Counsel had not properly advised him on this issue. Tr. pp. 191-92.

5

> Moreover, the State has the right to withdraw its plea offer at any time, absent a showing of detrimental reliance on the offer by Applicant, which is not the issue in this case. Reed v. Becka, 333 S.C. 676, 690, 511 S.E.2d 396, 404 (Ct. App. 1999) ("We adopt the rule the State may withdraw a plea bargain offer before a defendant pleads guilty, provided the defendant has not detrimentally relied on the offer."). "[I]t is the prerogative of any person to waive his rights, confess, and plead guilty, under judicially defined safeguards, which are adequately enforced. However, a defendant has no constitutional right to plea bargain." Id. at 685, 511 S.E. 2d at 401. Thus, the State was under no obligation to hold the offer open, or even to make any offer at all. Applicant was aware of the State's offer and of the fact the State had just discovered at least one phone call the State considered beneficial to its case and which it would use against him, should Applicant choose to proceed to trial. As Applicant admitted at the evidentiary hearing he made all three of the phone calls ultimately admitted, Applicant clearly had knowledge of their content at the time the State extended the offer and he rejected it.
>
> Accordingly, the Court finds Applicant's testimony he would have accepted the offer had he known the content of the call to be not credible. The Court further finds Applicant has failed to meet his burden of proof as to either deficiency or prejudice and denies relief. This allegation shall be dismissed with prejudice.

App. 996–98. The PCR court's denial of Petitioner's ineffective assistance of counsel claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent. First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent. Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those

6

considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent.

In his objections, Petitioner argues that the Magistrate Judge misconstrued the claim in that "[t]he crux of Petitioner's claim was not that Petitioner was aware of the contents of the calls, but that trial counsel wholly failed to listen to them and then failed to advise Petitioner on the suitability of the plea offer and what impact it might have on the trial." ECF No. 31 at 2. Here, the Court's review is limited by the appropriate habeas standard. That is, the issue before the Court is not whether the undersigned agrees with the PCR court, but instead, whether the PCR court's decision was contrary to or involved an unreasonable application of clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. Here, the PCR court's ruling was supported by the record. A review of the trial transcript shows that Petitioner was indeed present at the hearing in which the phone calls were discussed, was on notice that the State had access to those calls and was providing trial counsel with copies later that afternoon, and did not inform the trial court that he needed more time to make a decision or that he felt trial counsel had not properly advised him on this issue. App. 189–92. Further, Petitioner has never denied he made the call so presumably he knew what was said.

Moreover, the PCR court's credibility finding is entitled to deference. *See Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) ("[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear." (citing

7

28 U.S.C. § 2254(e)(1))); *see also Marshall v. Lonberger*, 459 U.S. 422, 434 ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them"). The PCR court determined that trial counsel's testimony was credible and Petitioner's testimony was not credible. App. 998, 1000. The PCR court found, in light of the available evidence and after witnessing Petitioner on the stand, that Petitioner's testimony that he would have accepted the plea offer had he known the contents of the call was not credible. Petitioner has failed to put forward clear and convincing evidence to the contrary. Therefore, the Court agrees with the Magistrate Judge that Petitioner has failed to show that the PCR court's denial of Petitioner's ineffective assistance of counsel claim was either contrary to or an unreasonable application of applicable Supreme Court precedent. Accordingly, he has failed to meet his burden under § 2254 and summary judgment is granted as to this Ground.

***Ground Four***

In Ground Four, Petitioner contends that trial counsel was ineffective for failing to make a proper record and move for a continuance due to the matters in the recorded phone calls and issues involving witness Wallace.

The first issue before the Court is whether this Ground was raised to and ruled upon by the PCR court. This issue is noted by the Magistrate Judge but not squarely addressed. As the Magistrate Judge proceeded to a review of the merits of this claim and applied the deferential standard of review, it is presumed that she found this Ground

was ruled upon by the PCR court. The only portion of Petitioner's objections that could assert an argument that this Ground was insufficiently ruled upon by the PCR court is the following sentence: "Trial counsel also gave no tactical decision for her failure and the PCR court failed to properly take notice of this ineffectiveness, rather focusing on the admissibility of he phone calls, which is not the point." ECF No. 31 at 3. As Petitioner is represented by counsel, the Court is not required to liberally construe his filings; accordingly, the Court finds that this is not a specific objection to the Magistrate Judge's apparent dismissal of his argument that the PCR court did not rule on this claim.

Further, even if the Court considered this as a specific objection, the Court would find that the PCR court did rule on this Ground. Upon review of the record, the issue of whether trial counsel was ineffective for failing to request a continuance was clearly raised to the PCR court. App. 848. In its ruling, the PCR court found as follows:

> Applicant asserts Counsel failed to properly handle the issue of the phone calls and the decision of Applicant's co-defendant, Wallace, to invoke his Fifth Amendment right and choose not to testify. Specifically, Applicant argues Counsel should have moved for a continuance to have more time to review the phone calls, or she should have argued more effectively to keep the phone calls out of evidence. Applicant asserts Counsel failed to properly argue the issue of authentication of the Wallace phone call, which was made from another inmate's account.
>
> Based on this Court's review of the transcript, it appears the parties initially expected Wallace to testify for the State. However, the night before trial, Wallace and his attorney notified the parties of Wallace's intention to invoke his Fifth Amendment right against self-incrimination. The State then

discovered a phone call between Applicant and Wallace from the previous day in which Applicant asked Wallace to invoke the Fifth Amendment in order not to testify against him. Tr. p. 195. The parties agreed not to mention Wallace in opening statements or until they figured out what he was going to do, and Counsel testified she did not feel this decision prejudiced the defense.

The State proffered Wallace's testimony in camera, arguing the testimony it was seeking was not incriminating, but Wallace invoked the Fifth Amendment on the basis that requiring him to admit he was with Applicant would potentially open him up to additional grounds for revocation of his probation. Tr. p. 332-33, 335-38. Counsel argued Wallace could not selectively invoke the Fifth Amendment because allowing him to do so would hamper the defense's ability to cross-examine him, particularly if the State was allowed to enter the post-Miranda statement he had previously given to law enforcement. Tr. pp. 337-38, 340-42, 450. The trial court, however, disagreed and indicated it understood the law to be that the witness was allowed to determine what questions or information he deemed incriminating and decide when to assert the privilege, although the State could not call him to the witness stand simply for the purpose of having him invoke his right in front of the jury. Tr. pp. 344-45, 449. The State further asserted Wallace's decision was based on his conversation with Applicant, in which Applicant encouraged Wallace not to testify against him. The trial court then requested a transcript of the call and indicated the parties would listen to the call together the next morning prior to the jury arriving for the day, and the trial court would rule on Wallace's right to invoke the Fifth, as well how the State would be allowed to use the phone calls. Tr. p. 346.

Counsel testified at the evidentiary hearing that although she anticipated Wallace would have been a friendly witness for the defense, his expected testimony was not exculpatory for Applicant. She also testified she realized the argument she

was making regarding Wallace's ability to selectively invoke the Fifth Amendment, if successful, would render Wallace totally unavailable as a witness, but she felt it was important to prevent the defense from being thwarted on cross-examination. Ultimately, Wallace did not testify in front of the jury, and the court found the phone call between Wallace and Applicant was admissible. Tr. pp. 2-4, 11, 542. Counsel testified, and stated on the record at trial, that she agreed portions of the phone calls were relevant and admissible. Tr. p. 454.

Before the State introduced the phone calls, the parties made further arguments to the trial court. Counsel objected to the admission of the Wallace call on hearsay grounds, but the trial court ruled hearsay was inapplicable because Wallace was unavailable as a witness. Tr. pp. 532-33. Counsel did not object to a four-minute phone call between Applicant and his girlfriend, Kayla. However, she objected to portions a fifteen-minute phone call between Applicant and Kayla on the grounds of relevance and prejudice, particularly Applicant's statement about needing to consult an attorney. Tr. pp. 534-37. The State argued the statements were an admission or an acknowledgment of guilt. Tr. p. 535. The trial court ruled the entire call was admissible. Tr. pp. 538-39. All three phone calls were admitted and played for the jury. Tr. pp. 542-43, 546.

The record reflects at least one of the phone calls—the one between Applicant and Wallace—was not made from Applicant's PIN or account, but from another inmate's. Tr. pp. 190, 575-76. The State introduced the recordings through a witness from the detention center, who testified the recordings were made and kept in the jail's regular course of business. Tr. pp. 540-543. Applicant argues, however, since the Wallace call was not made from his account, Counsel should have further argued "authentication" or that the State did not prove it was Applicant on the call.

11

Again, Applicant admits he is the other person on the phone call with Wallace. Moreover, Counsel testified she felt, ethically, she could not make the argument it was not Applicant on the call, and ultimately, the defense conceded it was him in an effort to lessen the damage to the
defense's case. The Court finds this testimony credible.

This Court has had the opportunity to listen to the recordings and finds Counsel's decision not to challenge the identity of the second person as Wallace was reasonable. As the investigator testified at trial, it is clear Applicant and Wallace are discussing the facts of this case during the phone call. Tr. p. 593. This Court finds the statements Applicant makes in the phone calls are admissions or acknowledgments of guilt admissible as statements against interest. Rule 804(b)(3). Moreover, it was uncontested at trial that at least one of the phone calls to Kayla was made by Applicant from Applicant's PIN or account, and Applicant not argued *that* phone was not properly authenticated. The jury could therefore authenticate or identify Applicant's voice themselves by comparing that call to the others. See State v. Vice, 259 S.C. 30, 190 S.E.2d 510 (1972) (comparison between recorded phone call and recording of defendant's voice made during trial sufficient for identification); Rule 901(b)(3) (comparison by trier of fact sufficient for authentication or identification).

Accordingly, this Court finds Counsel was not deficient for not objecting or not properly preserving her objection, nor was Applicant prejudiced by Counsel's performance, as to authentication because the call at issue—the Wallace call— was properly authenticated by the combination of the testimony of the officer from the detention center and the comparison to at least one other call which was undisputedly made by Applicant. Counsel cannot be deficient for failing to make a non-meritorious objection, nor can Applicant be prejudiced by such a "failure." Additionally, the Court finds Counsel was not deficient for not moving for a continuance as such a motion was unlikely to be successful where the record

> reflects Counsel had at least two days before the phone call was introduced into evidence to listen to it, and a transcript of the call was prepared for the parties and the Court to review as well. This Court therefore denies relief and finds this allegation shall be dismissed with prejudice.

App. 998–1001. While the majority of the PCR court's discussion is spent on other matters, he clearly determined that trial counsel was not ineffective for failing to move for a continuance. Accordingly, the Court will proceed to a further review of this Ground.

The PCR court's denial of Petitioner's ineffective assistance of counsel claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent. First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent. Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent.

In his objections, Petitioner argues that trial counsel testified that she should have requested a continuance, that trial counsel admitted she had concerns and failed to act upon them, that she gave no tactical reason for her failure to act, and that such failure was prejudicial. ECF No. 31 at 3. This objection overlooks the PCR court's finding that the continuance was unlikely to be granted based upon the fact that counsel had two days to prepare. This conclusion is rooted in the evidence in the record. App. 192, 542, 869–70. Therefore, the Court agrees with the Magistrate Judge that Petitioner has failed to

13

show that the PCR court's denial of Petitioner's ineffective assistance of counsel claim was either contrary to or an unreasonable application of applicable Supreme Court precedent. Accordingly, he has failed to meet his burden under § 2254 and summary judgment is granted as to this Ground.

## CONCLUSION

Therefore, based on the foregoing, the Court agrees with the recommendation of the Magistrate Judge. Respondent's Motion for Summary Judgment is **GRANTED** and the Petition is **DENIED**.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard

for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

    **IT IS SO ORDERED**.

s/ Donald C. Coggins, Jr.<br>United States District Judge

March 11, 2025
Spartanburg, South Carolina

15